IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Marvin Lovejoy, #267846, ) | |
| ) | |
| ) | Civil Action No. 8:05-216-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| ) | **ORDER AND REPORT OF** |
| ) | **MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| FNU Squirrell, Corporal; and Belinda ) | |
| McDaniel, Captain, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment, two motions for summary judgment of the plaintiff, and a motion to strike.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action seeking damages against the defendants for placing him in administrative segregation as a result of an altercation between the plaintiff and Defendant Squirewell.[1] Additionally, the plaintiff claims that his rights were violated as a result of disciplinary convictions for failing to stand during count. The defendants have moved for summary judgment. By order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309

---

[1] Although the Complaint was filed against FNU "Squirrell," it appears to the Court from the briefing of the parties that the defendant's name is actually spelled Squirewell.

(4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. On August 23, 2005, the plaintiff filed a response to the motion for summary judgment. The plaintiff was subsequently released from the South Carolina Department of Corrections on September 1, 2005. (Suppl. Mem. Supp. Mot. Summ. J., Fox Aff. ¶ 5.)

## **LAW AND ANAYLSIS**

### LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT

The petitioner brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

### SUMMARY JUDGMENT STANDARD OF REVIEW

The requirement of liberal construction does not mean that the court can assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. *See* Fed. R. Civ. P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion

for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### I.     Exhaustion of Administrative Remedies

The Plaintiff has failed to exhaust his administrative remedies. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. The Prison Litigation Reform Act's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," including "excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). "To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Thus, the inmate must actually and strictly comply with the requirements of the administrative processes. *See Houze v. Segarra*, 217 F. Supp. 2d 394, 396 (S.D.N.Y. 2002) (and cases cited therein); *see also Booth*, 532 U.S. at 735 (noting that Booth failed to undertake any intermediate or appellate steps in the administrative process). An inmate's failure to "properly take each step within the administrative process. . . bars, and does not just postpone, suit under § 1983." *Pozo*, 286 F.3d at 1024 (emphasis added); *see*

*also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (dismissal is appropriate if the inmate fails to exhaust or only partially exhausts administrative remedies); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) (same).

In his complaint, the plaintiff challenges his placement in administrative segregation and disciplinary action taken against him for failure to stand during count. Although, the plaintiff filed an initial grievance concerning both matters, (Chretian Supp. Aff.¶ 3, 4.),[2] he failed to appeal either as permitted, *see Al-Shabazz v. State*, 527 S.E.2d 742 (2000); *Sullivan v. South Carolina Department of Corrections*, 586 S.E.2d 124 (2003). (Chretian Supp. Aff. ¶ 5.)

Accordingly, this action should be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a) based on the plaintiff's failure to exhaust his administrative remedies. *See Morales v. Mackalm*, 278 F.3d 126, 128 (2d Cir.2002). The fact that the plaintiff was released from the South Carolina Department of Corrections on September 5, 2005, is of no consequence. His failure to exhaust cannot be excused. *See Cox v. Mayer*, 332 F.3d 422, 426-27 (6th Cir. 2003) (holding that administrative exhaustion requirement was not excused by fact that when motion to dismiss for failure to exhaust was decided, inmate had been released).

For these same reasons, the plaintiff's motions for summary judgment should be denied, as the merits of his claims are not properly considered for his failure to exhaust his administrative remedies. Any request by the plaintiff in his motions for a default judgment should be denied as the Court granted the defendants an extension of time to file their Answer to the Complaint.

---

[2] The plaintiff has filed a motion to strike the Affidavit of Florence Chretian. Although the precise grounds for his motion are not clear, the plaintiff believes that she is lying because she initially attested to the fact that the plaintiff had made no grievance in regards to administrative segregation but then submitted a supplemental affidavit admitting that a grievance had in fact been filed. The plaintiff fails to explain why the statements in Chretian's supplemental affidavit should be stricken, and the Court has no reason to discount the affidavit as inadmissible evidence or otherwise improper. The plaintiff's motion, therefore, is denied.

4

## **CONCLUSION**

Wherefore, it is ORDERED that the plaintiff's Motion to Strike the Supplemental Affidavit of Florence Chretian is DENIED. It is RECOMMENDED that the plaintiff's Motions for Summary Judgment, Document Numbers 8 and 26-1, be DENIED and the defendants' Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED AND RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

February 14, 2006
Greenville, South Carolina