IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin Lovejoy, #267846, ) | |
| ) | C/A No. 8:05-0216-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| FNU Squirrell, Corporal; and Belinda ) | |
| McDaniel, Captain, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying complaint, Plaintiff Marvin Lovejoy was an inmate in custody of the South Carolina Department of Corrections. Plaintiff filed the within complaint pursuant to 42 U.S.C. § 1982, contending that his constitutional rights were violated because he was placed in administrative segregation without justification and that, as a result, he lost work credits. Plaintiff contends that he was deprived of a liberty interest and suffered emotional distress.

This matter is before the court on motions for summary judgment filed by Plaintiff on April 1, 2005 and July 7, 2005, to which Defendants filed replies on July 25, 2005, respectively. In addition, before the court is Defendants' motion for summary judgment filed on June 17, 2005. Defendants assert, among other things, that Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). On July 1, 2005, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. Plaintiff filed responses to the motion on August 23, 2005, to which Defendants filed a reply on September 1, 2005.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On February 14,

2006, the Magistrate Judge issued an Order and Report of Magistrate Judge in which she determined that Plaintiff has failed to exhaust his administrative remedies. Accordingly, she recommended that Plaintiff's motions for summary judgment be denied and Defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report of Magistrate Judge on February 28, 2006.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report of Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff's objections generally restate the contentions set forth in his complaint and take issue with the Magistrate Judge's determination that Plaintiff had failed to exhaust his administrative remedies as required by § 1997(e)(a). The court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). The court concurs in the Magistrate Judge's conclusion that Plaintiff must exhaust his administrative remedies prior to bringing an action under § 1983.

For the reasons stated, Plaintiff's motions for summary judgment are **denied**. Defendants' motion for summary judgment is granted to the extent Defendants assert that Plaintiff has not exhausted his administrative remedies. Therefore, the within action is dismissed without prejudice

2

to allow Plaintiff to exhaust as required by § 1997(e)(a).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina

March 2, 2006

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**